**LOUIS E. GABEL v. FORREST KILGORE**

26 So. (2nd) 166                                      January Term, 1946
May 14, 1946                                                    Division A

G. P. *Garrett,* for appellant.
*Fishback, Smith & Williams,* for appellee.

TERRELL, J.:

The bill of complaint prayed to impress a trust on certain lots of land in Orlando, Florida, purchased by appellee at the instance of appellant. The point in controversy is whether Kilgore bought the lots as the agent of Gabel or for himself and Gabel, with the understanding that they would be divided between them. The Chancellor found that the evidence did not preponderate in favor of the complainant and dismissed the bill.

We think the Chancellor applied a wrong rule of law to the evidence. It is ample to show that Kilgore made a contract with Gable to purchase the lots.

In Ahern v. Florida Real Estate Commission et al., 145 Fla. 706, 6 So. (2nd) 857, this Court held that the real estate business is a highly specialized one, that the real estate broker is now the confidant of the public in much the same manner as the lawyer and the banker, and that his relation to the public exacts the highest degree of trust and confidence.

Since this is the rule, the presumption is that Kilgore was a real estate broker and nothing more. If he asserts an interest other than that, the burden is on him to prove it beyond question; not only that, he must also show good faith and that his interest was well known to his client at the time of his employment. The evidence on the point falls far below this standard.

The judgment appealed from is, therefore, reversed. If appellee fails to support his claim with the degree of proof here required, the prayer of the bill should be granted on authority of Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173.

Reversed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.