SHANNON, 'Judge.
The appellant-defendant files this appeal from the final decree of injunction, entered in the lower court, wherein he was enjoined from “offering or conducting, contrary to and in violation of Section 475.451, F.S., any course, or courses, of study in real estate practice or course, or courses, designed or represented to enable or assist applicants for registration as real estate brokers or salesmen to pass examinations conducted by the Florida Real Estate Commission until such time as he shall have lawfully obtained a permit from the Florida Real Estate Commission to offer or conduct such courses.”
During the pendency of this cause this court asked for and received briefs from both parties touching upon the question of the jurisdiction of this court to hear this matter. Such briefs were furnished and *188 this court has now determined that it has jurisdiction.
The petition for injunction alleges generally that under Section 475.451, Florida Statutes, F.S.A., which provides, in part, as follows:
"Every person, school or institution, except approved and accredited colleges and universities of this state, who shall offer or conduct any course or courses of study in real estate practice, or any course or courses designed or represented to enable or assist applicants for registration as real estate brokers or salesmen to pass examinations conducted by the Florida real estate commission, shall, before commencing or continuing further to offer or conduct such course or courses, on and after October 1, 1957, obtain a permit from the real estate commission, and thereafter abide by the regulations imposed upon such person, school or institution by this chapter and rules and regulations of the real estate commission made pursuant thereto; provided, that this section shall not apply to or be construed to regulate any real estate educational program conducted on a non-profit basis.”
it is unlawful for any person, school or institution, to conduct any course for applicants for registration as real estate brokers or salesmen without first obtaining a permit from the Florida real estate commission and that the Florida real estate commission, pursuant to Section 475.451, Florida Statutes, F.S.A., adopted Rule S301.01, which provides in part:
"S301.01 — Ground For Denial. — An application for a permit shall be denied whenever it shall appear from information received by the Commission that: * * *
“(d) The applicant is a defendant in any proceeding before the Florida Real Estate Commission for the revocation, or suspension of his registration as a registered real estate broker, provided that all proceeding on said application shall be stayed during the pendency of said cause and if such proceeding be finally dismissed, a permit shall thereupon be issued to him unless other grounds for denial shall exist.”
The petition goes on to allege that on the 7th day of April, 1958, the defendant filed an application for a permit to conduct a real estate school within the meaning of said section; that at the time of filing said application there was pending a proceeding for the revocation of defendant’s registration as a real estate broker; that by the terms of the statute and the rule the Florida real estate commission issued an order staying any further proceedings on defendant’s application pending the outcome of the then pending revocation proceedings;, that the revocation proceedings had not been finally determined but were in the lower court on a petition for certiorari by the defendant, seeking a review of the order of the Florida real estate commission which revoked the defendant’s registration as a real estate broker. The petition further alleges that no permit had been issued by the Florida real estate commission to the defendant to conduct his school, but the defendant was conducting his school in violation of Section 475.451.
In the present proceedings the defendant filed a motion to dismiss and an affidavit. The chancellor entered an order denying this motion and temporarily enjoining defendant. By his final decree the chancellor permanently enjoined defendant from conducting his school until he had obtained a permit as required by the provisions of F.S. Section 475.451, F.S.A. During the pendency of the suit below the defendant had filed a petition for rehearing, reconsideration or vacation of orders, judgments and decrees of the court or in the alternative, motion for certifications of *189 questions or propositions of law to the Supreme Court of Florida or to the appropriate district court of appeal as may he deemed proper by the court. These motions were denied by the chancellor at the time of his final decree.
The question on the issues involved in this appeal is stated by the appellant as follows: Did the lower court commit error, in its various rulings, orders and decrees, by making an erroneous and unlawful interpretation of Section 475.451 of the Florida Statutes, F.S.A., and of the rules and regulations adopted by the Florida real estate commission in interpretation and implementation thereof?
Defendant argues that he had been maintaining his school for several years prior to 1957, at which time the legislature passed Section 475.451, Florida Statutes, F.S.A.; that consequently he was required to secure a permit from the Florida real estate commission to operate his business, and that pursuant to rule S301.01 of the Florida real estate commission all proceedings on his application for this permit, including this suit for injunction, should be stayed pending the final outcome of the proceedings for revocation of his registration as a real estate broker. According to defendant’s view the phrase “all proceedings”, contained in the above quoted portion of the rules and regulations, is clearly capable of being interpreted either to include or to exclude the injunction proceeding which initiated this case. The chancellor, according to the defendant’s brief, obviously interpreted that phrase to exclude and therefore to permit this injunction proceeding, and it is this interpretation which the defendant contends is erroneous and unlawful. We do not agree with the defendant’s contention.
Section 475.451(6), Florida Statutes, F. S.A., provides as follows:
“In the event that any person, school or institution shall violate any of the provisions of this section, or violate any rule or regulation adopted pursuant thereto, or attempt to continue to operate as herein defined, after the revocation or during a period of suspension of a permit, the Florida real state commission shall be entitled to the appropriate remedy given to it in other cases by § 475.39.”
In Section 475.39 it is provided:
“Whenever it shall appear to the commission that any person is operating as a broker or salesman without having been duly registered, or is violating any of the provisions of this chapter or lawful rules, regulations or orders of the commission, the commission may file an application for injunction in its own name * * * restraining them from * * * disobeying, or commanding them to obey such law, order, rule or regulation.”
In Foulk v. Florida Real Estate Commission, Fla.App.1959, 113 So.2d 714, 717, Judge Kanner had this to say: *•
“The Florida legislature, in seeking to elevate the status of real estate, brokers and the profession of real estate with all its related phases, under regulations designed for the protection of the public, through Chapter 475, Florida Statutes, F.S.A., has subjected this field of endeavor to requirements which must be met by those who engage in any of its defined activities. The Florida Supreme Court has recognized that the real estate business in this state has become highly specialized and that one who engages in this business belongs to a privileged class and enjoys a monopoly in that field. He is the confidant of the public in much the same manner as a lawyer or a banker. His relationship to the public exacts the highest degree of trust and confidence, and his status under the law is accompanied by recognized privileges and responsibilities. Ahern v. Florida Real Estate Commission ex *190 rel. O’Kelley, 1942, 149 Fla. 706, 6 So.2d 857; Zichlin v. Dill, 1946, 157 Fla. 96, 25 So.2d 4, and Gabel v. Kilgore, 1946, 157 Fla. 420, 26 So.2d 166.”
With reference to F.S. chapter 475, F.S.A., in the same case it is stated:
“ * * * Chapter 475 is independent of section 193.111 since it is a regulatory measure and prescribes requirements to be fulfilled by those who desire to engage in appraising or the other activities specified in such chapter.”
Irrespective of the fact that the defendant was operating the school prior to the legislative enactment of § 475.451 and adoption of the questioned rule of the Florida real estate commission, at the time of this case there was a positive requirement that the defendant, or any party, should have a permit. Defendant did not have one, and hence he was subject to injunctive process. That the interpretation of rule S301.01 to allow enforcement of § 475.451 and to prevent defendant from continuing to conduct his school is not unreasonable as applied to defendant is amply demonstrated by a review of the cases. For instance, in the case of Hadacheck v. Sebastian, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348, it was held that an ordinance prohibiting brickmaking within a designated area was valid, although an owner of land in that area contended that his land contained valuable deposits of clay suitable for brickmaking, that it had been acquired by him before it was annexed to the municipality and that he had a business in the area which was engaged in the manufacture of bricks prior to the passage of the ordinance. And again in Dent v. State of West Virginia, 129 U.S. 114, 9 S.Ct. 231, 233, 32 L.Ed. 623, a statute was involved which required every practitioner of medicine to obtain a certificate from the state board of health, stating that he was a graduate of a reputable medical college, and which made the practice of medicine without such certificate a misdemeanor. A physician who- had been practicing medicine in West Virginia for some years prior to the enactment of this statute presented his diploma, but the board of health refused to grant him a certificate because his college was not “reputable.” The Supreme Court impliedly held the legislation not to be objectionable, saying in part:
“It is undoubtedly the right of every citizen of the United States to follow any lawful calling, business, or profession he may choose, subject only to such restrictions as are imposed upon all persons of like age, sex, and condition. This right may in many respects be considered as a distinguishing feature of our republican institutions. Here all vocations are open to everyone on like conditions. All may be pursued as sources of livelihood, some requiring years of study and great learning for their successful prosecution. The interest, or, as it is sometimes termed, the 'estate,’ acquired in them, that is, the right to continue their prosecution, is often of great value to the possessors, and cannot be arbitrarily taken from them, any more than their real or personal property can be thus taken. But there is no arbitrary deprivation of such right where its exercise is not permitted because of a failure to comply with conditions imposed by the state for the protection of society. * * * The nature and extent of the qualifications required must depend primarily upon the judgment of the state as to their necessity. If they are appropriate to the calling or profession, and attainable by reasonable study or application, no objection to their validity can be raised because of their stringency or difficulty. It is only when they have no relation to such calling or profession, or are unattainable by such reasonable study and application, that they can operate to de *191 prive one of his right to pursue a lawful vocation.”
For the reasons stated we come to the conclusion that the injunction granted by the chancellor below should be affirmed.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.