### BURKE v. DADE COUNTY, et al.
No. 67-9334.

Circuit Court, Dade County.

June 27, 1967.

Melvin F. Frankel of Frankel & Segal, Miami Beach, for plaintiff.

Thomas C. Britton, County Attorney, and Stuart Simon, Assistant County Attorney, for defendant.

GRADY L. CRAWFORD, Circuit Judge.

*Final judgment:* This cause came on to be heard on the complaint and the answer thereto filed by all defendants. The court considered these pleadings, the testimony of the plaintiff and Mr. Herbert House, a witness called by the plaintiff, and the oral argument submitted by counsel for all parties before the court. Being otherwise fully advised in the premises, the court orders and adjudges as follows —

The single issue in the cause involves the constitutionality of article II, chapter 29 of the Code of Metropolitan Dade County, known as the Metropolitan Dade County Real Property Tax Consultant Ordinance. The plaintiff seeks to enjoin the enforcement of this ordinance for two reasons —

(a) He contends that limiting real property tax consultancy solely to registered real estate brokers as defined in chapter 475, Florida Statutes, is too restrictive.

(b) He contends that limiting the right to appear and represent complaining taxpayers before the county tax assessment department, the tax review board, and the board of county commissioners, sitting as a board of equalization, to certain defined categories (not inclusive of the plaintiff) creates classifications that are invidiously discriminatory, arbitrary and without reasonable basis.

The court holds the aforesaid Dade County Real Property Tax Consultant Ordinance valid and constitutional on its face and also with respect to its effect on the plaintiff in this cause.

The court deems the limiting definition of real property tax consultant to be in accord with provisions of chapter 475, Florida Statutes, as construed in Foulk v. Florida Real Estate Commission, 113 So.2d 714.

The court deems the categories and classifications of persons entitled to appear and represent complaining taxpayers before the county tax assessment department, the tax review board, and the board of county commissioners, sitting as a board of equalization, to be reasonable and non-discriminatory, and as broad and inclusive as the board of county commissioners of Dade County might lawfully enact.

The cause is herewith dismissed and the plaintiff's prayer for injunctive relief accordingly denied.