CHARLES CARROLL,
Chief Judge.
The appellant filed suit in the circuit court of Dade County against Metropolitan Dade County, the county commissioners, county manager and tax assessor challenging the validity, and seeking to enjoin enforcement of a Metro Ordinance which requires that in order for one to hold himself out to the public as a real property tax consultant or to represent a taxpayer in conference with the tax assessor or before the board of equalization, he must be a registered real estate broker. On final hearing the trial court ruled the ordinance was valid, and denied the prayer for injunction.
On this appeal by the plaintiff it is contended the ordinance is unreasonable and discriminatory, and that it operates to impair the obligation of contracts entered into by the plaintiff with taxpayers to represent them in the capacity of tax consultant.
Section 29-12 of the Metro Code, entitled “Real Property Tax Consultants,” provides :
“Only registered real estate brokers as defined in Chapter 475, Florida Statutes [F.S.A.], who have never been convicted of a crime involving moral turpitude may act as real property tax consultants or hold themselves out to the public as real property tax consultants. Persons not real property tax consultants shall not represent themselves to the public as such, and shall not act as real property tax consultants.”
In subsequent sections it is provided that required real property tax returns and petitions to the board of equalization may be made only by the owner or taxpayer, or members of his family, or, in the case of a “business entity,” by a partner, corporate officer or employee regularly engaged on a full time basis, or by an attorney (member of the Florida Bar) “or a real property tax consultant registered with the county tax assessor,” or, where income property is involved, also by a registered public accountant.
It was brought out that the appellant, who is not a registered real estate broker, was retained by a number of taxpayers as their tax consultant to represent them with reference to their real estate tax assessments before the tax assessor and the board of equalization.
Upon consideration of appellant’s contentions in the light of the record and briefs, we conclude that they are without merit and that the judgment of the trial court was eminently correct.
The position taken by the appellees, with which we agree, is that the activities in question of such a tax consultant relating to assessment of real property, in seeking relief from the tax assessor or before the board of equalization, are essentially appraisal work; and that the ordinance is in conformity to the state law (§ 475.01(2), Fla.Stat, F.S.A.) where appraising of real estate and the holding of one’s self out to the public as an appraiser are included in the range of duties for which registration as a real estate broker is required by the state law. See Foulk v. Florida Real Estate Commission, Fla.App.1959, 113 So.2d 714. The regulation challenged here is a proper exercise of police power (State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225, 230-231) and therefore is not a denial of due process of law or an unconstitutional deprivation of the right to contract or impairment of the obligation of contract. 6 Fla.Jur., Constitutional Law, § 177; Annot. 39 A.L.R.2d 606, 609, 614.
For the reasons stated, the judgment appealed from is affirmed.
Affirmed.