385 So.2d 1131 (1980)
LLERA REALTY, INC., J.M. Llera, Coral Realty Corp., and Alberto Trelles, Appellants,
v.
BOARD OF REAL ESTATE (Formerly Florida Real Estate Commission), Appellee.
No. 79-1107.
District Court of Appeal of Florida, Third District.
July 1, 1980.
Rehearing Denied July 31, 1980.
*1132 Lopez & Harris and Peter M. Lopez, Miami, for appellants.
Howard Hadley and Kenneth M. Meer, Orlando, and Salvatore A. Cappino, for appellee.
Before NESBITT, DANIEL S. PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN (Ret.), Associate Judge.
This appeal by respondents Llera Realty, Inc., J.M. Llera, Coral Realty Corp. and Alberto Trelles is brought to review the administrative decision of the Florida Real Estate Commission (now known as the Board of Real Estate), which suspended the licenses of the respondents for thirty days. The complaint filed by the Commission charged that the respondents had violated Section 475.42(1)(j), Florida Statutes (1977), by filing a notice of lis pendens on real estate in a court action brought to recover a real estate commission.[1]
The hearing officer entered a recommended order finding that the respondents had, in fact, recorded a lis pendens on real estate in order to collect the commission, and concluding that as a matter of law, the cited section was unconstitutional as applied in this case because "[o]n its face and without such limitations, the statute has a chilling effect on the right of the broker or salesman to seek redress in the courts because persons subject to the statute may have their license revoked or suspended and be prosecuted criminally."
The Commission rejected that portion of the hearing officer's conclusions of law which held the application of the statute to the respondents to be unconstitutional and, accordingly, the respondents were found guilty and their license suspended for thirty days. We affirm.
The only substantial question argued in this court is whether the classification by the statute of real estate brokers and salesmen as a class of persons who may not use the filing of a lis pendens in connection with a civil lawsuit filed in order to collect a real estate commission is a classification so unreasonable that it amounts to a deprivation of the right of brokers and salesmen of free access to the courts. It is apparent *1133 that the classification is not unreasonable because real estate brokers and salesmen are privileged by the statutory law of this state in the collection of commissions. Section 475.41, Florida Statutes (1977), in effect, provides that only a real estate broker who is properly registered "... at the time the act or service was performed" may maintain a court action for the collection of a commission for the sale of real estate. As stated in Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 425 (1927), with regard to the real estate business, "No business known to modern society has a longer or more respectable history." In this regard, the statutory law of this state demands a high standard of those engaging in the real estate business. Sections 475.17 et seq., Florida Statutes (1977), place a high standard on applicants for registration as real estate brokers or salesmen; Section 475.25, Florida Statutes (1977), through the onus of revocation or suspension of registration, demands an exemplary level of behavior within the profession; Section 475.42, Florida Statutes (1977), enumerates various violations and the consequent penalties to be exacted against those who are not properly registered; and Sections 475.482 et seq., by creating the Florida Real Estate Recovery Fund to reimburse persons who have suffered monetary damages at the hands of those registered under this chapter, demonstrate this state's recognition of the sensitive and privileged position of those engaged in real estate to the public at large. Furthermore, it is well-established by the case law of this state that real estate brokers and salesmen occupy a position of confidence toward the public. See the discussion in Foulk v. Florida Real Estate Commission, 113 So.2d 714, 717 (Fla.2d DCA 1959). And see Gabel v. Kilgore, 157 Fla. 420, 26 So.2d 166 (1946); and Ahern v. Florida Real Estate Commission ex rel. O'Kelley, 149 Fla. 706, 6 So.2d 857 (1942).
The work of real estate brokers and salesmen is intimately connected with the transfer of title to real estate. It is natural that their experience and knowledge in such matters should be greater than that of the people they serve in their profession. The denial to this privileged group of the availability of a lis pendens when used to collect a commission on the sale of the same real estate on which they have secured, or have attempted to secure, the transfer of title is not the denial of a right of access to the courts. It is simply the denial of a special tool which might be misused by some members of this privileged group to the disadvantage of the public.
Finding no error, we affirm the administrative decision.
NOTES
[1] § 475.42(1)(j), Fla. Stat. (1977), provides:

"No real estate broker or salesman shall place, or cause to be placed, upon the public records of any county, any contract, assignment, deed, will, mortgage, lien, affidavit, or other writing which purports to affect the title of, or encumber, any real property . . maliciously or for the purpose of collecting a commission, or to coerce the payment of money to the broker or salesman or other person, or for any unlawful purpose."