432 So.2d 82 (1983)
Bernard A. SANTANIELLO, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION/BOARD OF REAL ESTATE, Appellee.
No. 82-1519.
District Court of Appeal of Florida, Second District.
April 13, 1983.
Rehearing Denied May 11, 1983.
*83 Robert J. Norton of Norton & Marryott, Punta Gorda, for appellant.
Salvatore A. Carpino, Staff Atty., Dept. of Professional Regulation, Tallahassee, for appellee.
GRIMES, Acting Chief Judge.
Appellant seeks review of an order of the Board of Real Estate.
Appellant was charged with violating section 475.42(1)(j), Florida Statutes (1979), and therefore section 475.25(1)(a), Florida Statutes (1979), by filing a notice of lis pendens for the purpose of collecting a commission or for the purpose of coercing the payment of money. The undisputed evidence demonstrated that appellant had invested $5,000 in a corporate business venture. The business did not succeed, and appellant believed that other principals in the venture diverted the funds toward the improvement of their own real estate. Appellant filed a suit against them for the recovery of his investment. At a time when his lawyer was out of town, he filed a lis pendens against the land into which he thought the funds were being diverted. The value of the land was substantially more than the amount of his claim. Later, upon advice of his lawyer, he did not contest a motion to discharge the lis pendens.
The hearing officer specifically found that appellant did not act in his licensed capacity as a broker with respect to his investment in the business venture or the filing of the lis pendens. Nevertheless, the hearing officer recommended an order of guilt and a $500 fine. The board adopted the findings and recommendations of the hearing officer except that it increased the penalty to include a one year suspension.
Section 475.42(1)(j) reads as follows:
(j) No broker or salesman shall place, or cause to be placed, upon the public records of any county, any contract, assignment, deed, will, mortgage, lien, affidavit, or other writing which purports to affect the title of, or encumber, any real property if the same is known to him to be false, void, or not authorized to be placed of record, or not executed in the form entitling it to be recorded, or the execution or recording whereof has not been authorized by the owner of the property, maliciously or for the purpose of collecting a commission, or to coerce the payment of money to the broker or salesman or other person, or for any unlawful purpose.
A broker's filing of a lis pendens to recover a real estate commission has been held a violation of section 475.42(1)(j). Llera Realty, Inc. v. Board of Real Estate, 385 So.2d 1131 (Fla. 3d DCA 1980). Further, a broker may be disciplined for objectionable conduct in dealing with his own land as contrasted with that of his clients. Sellars v. Florida Real Estate Commission, 380 So.2d 1052 (Fla. 1st DCA 1980). Likewise, a broker may be sanctioned for passing worthless checks not connected with his brokerage business. McKnight v. Florida Real Estate Commission, 202 So.2d 199 (Fla. 2d DCA 1967). However, the mere filing of a lis pendens, as such, is neither illegal nor immoral. We can understand why a broker should not be permitted to file a lis pendens in connection with his brokerage practice, but we do not believe that the legislature intended to prevent a broker from taking legitimate steps which are available to any other citizen in matters unrelated to his practice.
Admittedly, appellant's filing of the lis pendens without consulting his attorney was ill advised because the relief sought in his lawsuit did not specifically affect the property in question. Worldwide Development-Kendale Lakes West v. Lot Headquarters, *84 Inc., 305 So.2d 271 (Fla. 3d DCA 1974). However, there was no allegation or proof that he filed the lis pendens with malice or for an unlawful purpose. According to the board's interpretation of the statute, a broker bringing a mortgage foreclosure unrelated to his brokerage business could not file a lis pendens on the land he sought to foreclose. Such a construction would violate the equal protection clauses of the United States and Florida Constitutions.
We hold that the proscriptions of section 475.42(1)(j) against the filing of a lis pendens to collect a commission or to coerce the payment of money only applies to those acting in their capacity as real estate brokers or salesmen. Therefore, we reverse the order of guilt and the resultant penalty.
SCHEB and SCHOONOVER, JJ., concur.