Mr. Steven A. Schultz Miami-Dade County Value Adjustment Board Attorney Bank of America Tower 100 Southeast Second Street, Suite 2800 Miami, Florida 33131-2144
Dear Mr. Schultz:
On behalf of the Miami-Dade County Value Adjustment Board, you have asked for my opinion on several questions:
1. Does section 194.034(1)(a), Florida Statutes, require an "agent" appearing before a value adjustment board to be a licensed or qualified professional?
2. If the answer to Question One is in the negative, is the value adjustment board authorized to promulgate an administrative rule prescribing the qualifications and/or licensing requirements for "agents" who represent taxpayers before the board?
In sum:
1. Section 194.034(1)(a), Florida Statutes, does not require that an "agent" appearing before a value adjustment board be a licensed or qualified professional.
2. The Miami-Dade County Value Adjustment Board is not authorized to adopt an administrative rule imposing licensing requirements or qualifications on agents appearing before the board on behalf of taxpayers pursuant to section 194.034(1)(a), Florida Statutes.
The Miami-Dade County Value Adjustment Board is a quasi-judicial governmental body created pursuant to section 194.015, Florida Statutes. Among other things, the board hears appeals initiated by taxpayers contesting the denial of tax exemptions and/or the valuation of their properties for tax purposes by the Dade County Property Appraiser. The board conducts hearings at which taxpayers and the Property Appraiser testify and present documentary evidence either in opposition to or in support of the tax assessment under appeal.
You have assured this office that the matters about which you inquire are not the subject of litigation.
Question One
Section 194.034, Florida Statutes, provides procedures for hearings before the value adjustment board. Subsection (1)(a), allows petitioners before the board to be "represented by an attorney or agent and present testimony and other evidence." Your questions relate to the qualifications of agents who represent petitioners before the value adjustment board.
While the term "agent" is not defined for purposes of section 194.034, Florida Statutes, the term is used elsewhere in Part I, Chapter 194, Florida Statutes. Section 194.011, Florida Statutes, prescribes the procedures for notifying a taxpayer about his or her assessment for ad valorem taxes on subject property.[1] This statute authorizes any taxpayer who objects to the assessment on property taxable to him or her to petition the value adjustment board for a change in the assessment by the property appraiser.[2] Pursuant to section 194.011(3)(g), Florida Statutes:
"The individual, agent, or legal entity that signs the petition becomes an agent of the taxpayer for the purpose of serving process to obtain personal jurisdiction over the taxpayer for the entire value adjustment board proceedings, including any appeals of a board decision by the property appraiser pursuant to s. 194.036."
Nothing in this section would limit a person acting as the agent of a taxpayer to an individual who is licensed or qualified in a particular manner; rather, the statute seems to recognize that a broad selection of representatives is possible.
The language authorizing representation by an agent was added to section194.034, Florida Statutes, in 1980.[3] An examination of the legislative history for HB 4D, which subsequently became section194.034(1)(a), Florida Statutes, reveals that legislative staff considered that this change "[a]llows petitioner to be represented before the board by an agent rather than only by an attorney. (Includes private appraisers, accountants, realtors, etc.)"[4] While this statement clearly recognizes that a taxpayer may choose certain licensed professionals such as a real estate broker and accountants to act as his or her agent, the analysis does not limit representation to these types of professionals.
In the absence of any legislative limitation on the term "agent" the common meaning of the term may be relied upon. An "agent" is commonly understood to be "one who acts for or in the place of another by authority from him"[5] or "[o]ne that acts as the representative of another."[6]
In the absence of any evidence of legislative intent to limit the term "agent" as it is used in section 194.034(1)(a), Florida Statutes, I cannot conclude that the term must be read to include only duly certified or licensed professionals such as attorneys, certified public accountants, real estate brokers or sales-persons, or real estate appraisers. Rather, when read with section 194.011(3)(g), Florida Statutes, any "individual, agent, or legal entity" selected by the taxpayer to act on his or her behalf in challenging a tax assessment appears to qualify under the statute.[7]
Thus, it is my opinion that section 194.034(1)(a), Florida Statutes, does not require that an "agent" appearing before a value adjustment board be a licensed or qualified professional.
Question Two
In the absence of any legislative requirement that agents appearing for taxpayers before the board possess any particular qualifications, you ask whether the value adjustment board itself may adopt administrative rules prescribing the qualifications of agents.
Florida's value adjustment boards are quasi-judicial administrative entities created pursuant to section 194.015, Florida Statutes. An administrative agency possesses no power not expressly granted by statute or necessarily implied from an express grant of power. Any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise of such power.[8]
Further, implied powers accorded to administrative agencies must be indispensable to powers that are expressly granted.[9]
The Legislature has neither expressly nor impliedly authorized the Miami-Dade County Value Adjustment Board to prescribe the qualifications of those who represent taxpayers before the board. While the practice acts of particular professions may control the actions of taxpayer agents and the services they may lawfully provide to those they represent, the value adjustment board has no authority to adopt an administrative rule imposing professional requirements on those who act as agents for taxpayers pursuant to Part I, Chapter 194, Florida Statutes.[10]
You have directed my attention to the case of Burke v. Metropolitan DadeCounty.[11] That case involved a Dade County ordinance requiring anyone offering services to the public as a real property tax consultant or representing a taxpayer before the board of equalization (now the value adjustment board) to be a registered real estate broker. The plaintiff had alleged that the county ordinance was unreasonable and discriminatory and that it operated to impair the obligation of contracts. The court determined that the county ordinance was in conformity with state law, which required that one holding himself out to the public as an appraiser must be registered as a real estate broker as required by state law. In addition, the court held that the county ordinance represented a proper exercise of police power and, therefore, did not deny due process of law or constitute an unconstitutional deprivation of the right to contract or impair the obligation of contract.
No current ordinance of Miami-Dade County of which I am aware imposes qualifications on those representing taxpayers before the value adjustment board. In addition, since the Burke decision, the language authorizing agents to appear before the board has been added to section194.034(1)(a), Florida Statutes.[12] The decision in the Burke case does not, in my opinion, provide a legal basis upon which the Miami-Dade County Value Adjustment Board may adopt an administrative rule imposing qualifications on those who may act as agents for taxpayers under this statute.
Accordingly, it is my opinion that the Miami-Dade County Value Adjustment Board is not authorized to adopt an administrative rule imposing licensing requirements or qualifications on agents appearing before the board on behalf of taxpayers pursuant to section 194.034(1)(a), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 194.011(1), Fla. Stat.
[2] Section 194.011(3), Fla. Stat.
[3] See, s. 1, Ch. 80-274, Laws of Florida.
[4] See, Memorandum from David Beggs, Senate Committee on Ways and Means, to Senators Childers and Skinner providing TRIM Package Analysis, dated July 10, 1980.
[5] Webster's New Collegiate Dictionary 22 (1975).
[6] American Heritage Dictionary 13 (office edition 1987).
[7] Under accepted rules of statutory construction, ss. 194.011 and194.034, Fla. Stat., should be read in pari materia because they govern different facets of the same subject matter. 49 Fla. Jur.2d Statutes s. 175.
[8] See, State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (Fla. 1st DCA 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); Op. Att'y Gen. Fla. 89-13 (1989); Inf. Op. to Hon. William Andrews, dated January 18, 1996.
[9] See, Williams v. Florida Real Estate Commission, 232 So.2d 239, 240
(Fla. 4th DCA 1970).
[10] See, e.g., Ch. 454, Florida Statutes, regulating attorneys at law and section 454.23, Fla. Stat., prohibiting those not licensed or otherwise authorized, to practice law or hold themselves out to the public as qualified to practice law in the state; Ch. 455, Fla. Stat., generally regulating professions and s. 455.201(2)(a), Fla. Stat., providing that the unregulated practice of certain professions may cause harm or endanger the health, safety, and welfare of the public.
[11] 213 So.2d 40 (Fla.3d DCA 1968).
[12] And see, Art. VIII, s. 11(5), Fla. Const., providing:
"Nothing in this section shall limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County . . ., and the home rule charter provided for herein shall not conflict with any provision of this Constitution nor of any applicable general laws now applying to Dade County and any other one or more counties of the State of Florida except as expressly authorized in this section nor shall any ordinance enacted in pursuance to said home rule charter conflict with this Constitution or any such applicable general law except as expressly authorized herein[.]"