SAMUEL A. ZICHLIN and SADIE ZICHLIN, his wife, v. GEORGE E. DILL and EDITH C. DILL, his wife.

25 So. (2nd) 4                                  January Term
February 22, 1946                                    En Banc

*Morris S. Uman,* for appellants.

*Gregory & Gregory,* for appellees.

ADAMS, J.:

This appeal brings for review an order dismissing appellant's bill on motion. The bill discloses that George E. Dill was a licensed real estate broker in Hillsborough 'County and

advertised a piece of real estate for sale. Appellant responded to the "ad' and was shown the property and quoted a selling price of $5,500.00 by the broker. Later appellant was shown the property by the owner, who mentioned a figure of $4,-500.00, whereupon appellant said she understood from the broker the price was $5,500.00. Then the owner told appellant all arrangements, including the price, were in the control of the broker. Appellant returned to the broker and said she desired to purchase the property but would like to buy it for $4,500.00. The broker took $200.00 from appellant as earnest money and represented that he would ascertain whether the property could be bought for $4,500.00. Later the broker notified appellant that the property could not be purchased for less than $5,500.00. The broker induced appellant not to engage an attorney to represent her in closing the transaction saying he would attend to all details and record the deed. It was about two weeks later the deed was mailed to her from the office of the clerk of the court when she then first learned the deed was from the broker rather than from the owner; that the property was conveyed by the owner to the broker and by the broker to appellant at, or near, the same time; that both conveyances showed a consideration of $4,500.00 and the broker, in fact, used appellant's money to purchase the property for himself, making a profit of $1,000.00.

Appellee's question posed in the brief states:

"Is a purchaser of property who buys for $5,500.00 after being advised by the broker that it can not be bought for less than that sum, when as a matter of fact the broker uses the money of the purchaser to buy the property for himself for $4,500.00, and then on that same day conveys it to the purchasers for $5,500.00, entitled to the return of $1,000.00 from said broker?"

Ultimately we must determine just what duty the broker owed appellant. Did he owe a duty to anyone except the owner who had listed the property? Evidently the chancellor was of the view that he owed no duty to the buyer. In this he was in error. Generally speaking an agent is responsible only to his principal. This, however, is different. The broker in Florida occupies a status under the law with recognized privi-

leges and responsibilities. The broker in this state belongs to a privileged class and enjoys a monopoly to engage in a lucrative business. See Sec. 475.01, Fla. State., '41, F.S.A. The statute requires that: (475.17)

" . . . all applicants who are natural persons shall be competent, honest, truthful, trustworthy, of good character, and bear a reputation for fair dealing. . . . "

The state, therefore, has prescribed a high standard of qualifications and by the same law granted a form of monopoly and in so doing the old rule of *caveat emptor* is cast aside. Those dealing with a licensed broker may naturally assume that he possesses the requisites of an honest, ethical man.

On this question the authorities are not uniform, however, because of the statute supra we are inclined to the view heretofore stated which finds ample authority among our sister states. Collins v. Philadelphia Oil Co., 97 W. Vir. 464, 125 S.E. 223; Stevens v. Reilly, 56 Oka. 455, 156 Pac. 157; Hokanson v. Oatman, 165 Mich. 512, 131 N. W. 111, 35 L.R.A. (N.S.) 423; Hack v. Crain _____Mo._____, 177 S.W. 587. See also notes in 8 A.L.R., page 1383; 12 C.J.S., Sec. 41, page 96.

The bill, if proven, would support a decree for relief. The order dismissing the bill is reversed.

So ordered.

TERRELL, BROWN, BUFORD and SEBRING, JJ., concur.

CHAPMAN, C. J., and THOMAS, J., dissent.