Minnie Lee PRICE, Appellant,

v.

Lee KITTREDGE, Appellee.

No. 16360.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 19, 1962.

Frank R. Graves, Fort Worth, for appellant.

Donald C. Bubar and Melvin F. Adler, Fort Worth, for appellee.

MASSEY, Chief Justice.

The question is whether the petition of Minnie Lee Price, plaintiff below, stated grounds which, if established by evidence, would entitle the submission of her cause to a jury or other fact finder for determination. Defendant Lee Kittredge claims that it did not, and filed special exceptions to the allegations recited in plaintiff's petition which purported to state a cause of action. These special exceptions, or a substantial portion thereof, were sustained by the trial judge whereupon pleadings were left in such state that it is not to be disputed that the remainder, even if proven, would not entitle plaintiff to a judgment. Plaintiff refused to amend. Upon refusal her cause of action was dismissed. From this order the appeal was brought to this court.

Judgment affirmed.

■ In the early part of 1957, Mr. and Mrs. Springer owned certain real estate in the City of Fort Worth. They engaged the defendant, a real estate broker, to obtain a purchaser of the property. They advised him the terms upon which they would be willing to sell and agreed upon a consideration to be paid defendant if he was successful. According to the most liberal interpretation of the pleadings of the plaintiff, even in respects immaterial to any right of complaint on her part, defendant did obtain a purchaser who was ready, willing and able to buy the property upon the terms and conditions prescribed by the Springers. Although this was the fact, the defendant agreed with said prospective purchaser, the plaintiff, to take a lower down-payment than that prescribed by the Springers, defendant's principals, and did negotiate matters so that the Springers conveyed the title to their property to defendant, who then entered into an executory contract of sale of the property to the plaintiff. Under said executory contract plaintiff paid $495.00 in cash (rather than the $1,000.00 down-payment the Springers had prescribed at time they employed defendant) and agreed to make payments of $50.00 per month on principal and interest until a total amount of $5,830.46 had been paid (rather than the total amount of $5,750.00 which the Springers had prescribed at time they employed the defendant as their agent).

Plaintiff entered into possession of the premises in early 1957 under the contract

with defendant. She had continued to pay the monthly consideration, plus $7.50 per month agreed to be credited upon taxes and insurance, until the month of November in 1960. On or about November 24, 1960, a fire occurred which substantially destroyed the property. Disagreements or disputes arose thereupon which culminated in this lawsuit. It should be noted that defendant had agreed to convey to plaintiff the legal title to the property by way of a warranty deed upon receipt of the entire balance of the purchase price. It should also be noted that the defendant obtained loans in his purchase of the property from the Springers which obligated him to pay only 6% and 7% on the unpaid principal balance owing, while he was receiving 8% interest from the plaintiff under his contract with her.

Allegations of these facts in plaintiff's petition do not state a cause of action for fraud against the defendant of which plaintiff would be availed right to any relief. The allegations of the petition might be sufficient to establish a justiciable cause of action in behalf of the Springers, but they are not parties to the suit and claim nothing of defendant. That there was any wrongdoing between defendant and the Springers is not to be presumed, and even if existent would not necessarily create any right of complaint in plaintiff.

Nor does the fact that the Legislature enacted the Real Estate License Act, Vernon's Ann.Texas St. Title 113A, Art. 6573a, benefit the plaintiff by supplying a ground for her asserted cause of action not existent under the common law. She cites the case of Zichlin v. Dill, 1946 (Florida Supreme Court), 157 Fla. 96, 25 So.2d 4, as authority for the contention that since the Act affords a real estate dealer licensed thereunder a monopoly to engage in the business, and since it is requisite that a dealer so licensed have good character and deal fairly, he owes a duty to the buyer as well as to his principal. Undoubtedly the State of Florida has an Act of some similarity to that of Texas, but nothing which transpired before the trial court required it to take notice thereof

nor afforded it opportunity to take notice thereof.

In the Zichlin v. Dill case a real estate broker bought his principal's property for $4,500.00 with use of the purchaser's money and on the same day sold it to the purchaser for $5,500.00, after having advised the purchaser that the property could not be purchased for less than $5,500.00. The purchaser discovered the facts and sued for the return of $1,000.00. The holding of the court was that the purchaser was entitled to maintain the suit. The court founded the decision upon the right of the purchaser to maintain his suit against the real estate broker upon the Florida Statute, though it would appear that the same result would have been reached under the common-law principle that a person who knowingly interferes with the interests of another by tortious means directed toward a third person (as the broker's principal in the Zichlin case) deprives the other of property which he would have otherwise received and for recovery of which he would have a cause of action. See Restatement of the Law, Restitution, ch. 7 "Benefits Tortiously Acquired", sec. 133 "Property Tortiously Acquired From Third Person At Another's Expense".

The facts alleged in plaintiff's petition in the case under consideration to which exceptions were sustained do not raise the issue discussed in the Zichlin case. The facts averred show no knowing interference by defendant with the plaintiff's interests by tortious means directed toward anyone.

Furthermore, nothing in the provisions of the Texas Real Estate License Act would amplify any common-law right of plaintiff and thus afford her a right of action against the defendant under the circumstances alleged.

■ Additionally, we believe that plaintiff's action could not be maintained without offer or tender of the property and the reasonable compensation for the value received in its use during the period of her posses-

sion. The relief sought is equitable rescission and a condition of such remedy under the facts of the instant case would be plaintiff's offer to do equity.

Judgment is affirmed.