311 So.2d 155 (1975)
H. Lawrence ASHER and Gloria Asher, Appellants,
v.
GENE SNYDER & COMPANY, Appellee.
No. 74-1218.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Herman Grayson, Miami Beach, for appellants.
Abramson, Rosenthal & Scremin, Miami, and Gerald E. Fine, N. Miami Beach, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants seek review of an adverse final summary judgment in this action to recover a real estate brokerage commission.
Defendants are the owners of certain real property and employed the plaintiff-appellee, Gene Snyder & Company, to find a purchaser therefor. Plaintiff procured a purchaser and the defendants, Mr. and Mrs. Asher, on February 27, 1969 entered *156 into a deposit receipt agreement with Alan S. Rosenthal, as Trustee (for the purchasers). The sale was consummated and on April 15, 1969 defendants executed and delivered a warranty deed to the subject realty to the purchaser, Gene Snyder, et ux, as to an undivided 1/2 interest and Lillian Lubin as to an undivided 1/2 interest. Thereafter, on April 23, 1969 sellers agreed in writing to pay plaintiff a broker's commission in the sum of $10,000 for finding a purchaser for the subject realty. Subsequently, plaintiff-appellee demanded payment of the $10,000 commission and defendants refused to pay it. Thereupon, plaintiff filed the instant action for recovery thereof. Defendants filed a motion to dismiss which was denied whereupon defendants filed their answer wherein the defense was raised that plaintiff failed to disclose that one of the purchasers, to wit: Gene Snyder, was an officer and principal shareholder of plaintiff corporation. Following pre-trial discovery, plaintiff moved for summary judgment. After hearing oral argument thereon, the trial judge entered final summary judgment in favor of plaintiff-appellee for $10,000 together with interest and costs. Defendants appeal therefrom. We affirm.
It is well established that because of the close relationship which calls for trust and confidence, a broker can neither acquire an interest or make a profit in a transaction in which he is employed unless his principal knows and gives his consent or acquiescense. Chisman v. Moylan, Fla. App. 1958, 105 So.2d 186 and cases cited therein.
Reviewing the record in the case sub judice in a light most favorable to defendant-appellants, the non-moving parties, the evidence as adduced from pre-trial discovery affirmatively demonstrates that defendant-appellant H. Lawrence Asher knew that Gene Snyder was the president of Gene Snyder & Company and had learned prior to and upon closing that Gene Snyder and his wife were two of the purchasers of defendants' realty. Further, it is undisputed that shortly after the closing, defendants signed the brokerage commission letter agreement of April 23, 1969 thereby acquiescing to the purchase by Gene Snyder and his wife. Thus, we conclude that plaintiff was entitled to judgment as a matter of law.
Accordingly, the summary judgment herein appealed is affirmed.