PER CURIAM.
These appeals arose from the same lawsuit. They were consolidated for all appellate purposes. Both appeals are brought by the defendant, J. Bruce Vining, who is a real estate broker. Vining was sued by Harold and Maude Smith, who claimed that he had breached the confidential relationship of seller and broker by practicing fraud upon them when he concealed facts within his knowledge concerning the greatly increased value of the land that he undertook to sell for them.
At a proper stage in the proceedings in the trial court, the plaintiffs Smith and defendant Vining moved for summary judgments. The Smiths received a partial summary judgment, which found no genuine issue of material fact as to Vining’s liability. The trial judge found that the following facts appeared without genuine issue:
“1. That Defendant J. BRUCE VIN-ING was acting as and representing himself as a broker for Plaintiffs, HAROLD C. SMITH and MAUDE A. SMITH, pursuant to Florida Statute 725, Real Estate License Law.
“2. That there existed between the SMITHS and VINING a confidential relationship compelling VINING to make a full and complete disclosure of his interest in the property.
“3.' That Defendant, VINING, wholly failed to inform or advise the Plaintiffs, SMITH, of material facts that would have enabled the SMITHS to exercise options to either rescind or affirm the contract.”
The defendant Vining filed a petition for rehearing directed to the partial summary judgment; the petition was denied.
It appears from Vining’s statement of facts upon the second appeal, that he subsequently filed a motion to set aside the partial summary judgment as to liability on the ground that the second depositions of the Smiths, taken after the partial summary judgment, directly contradicted their testimony in their first deposition. The second appeal is from the order denying Vining’s motion which his brief states was filed pursuant to Fla.R.Civ.P. 1.540(b).
It must first be noted that we do not have a complete record of the .proceedings upon the motions for summary judgment. See Fernandez v. Arocha, 308 So.2d 45 (Fla.3d DCA 1975).
Proceeding upon the record that we do have before us, we find that no genuine issue of material fact exists upon the essential facts found by the trial court as the basis for liability. Faced with motions for summary judgment by the plaintiffs and the defendant, the trial court properly considered all the depositions and affidavits before it upon each motion and in making the determination of which, if either, of the parties was entitled to summary judgment, could consider the evidentiary matters therein.
The law does not permit a broker to advance his own personal interest by discharging the duties of his position in such a manner as to make a secret profit for himself. Consequently, the general rule clearly applicable in this case is that a broker can neither purchase from, nor sell to, his principal unless the latter expressly assents thereto or, with full knowledge of all the facts and circumstances, acquiesces in such a course. Asher v. Gene Snyder & Company, 311 So.2d 155, 156 (Fla.3d DCA 1975); Kline v. Pyms Suchman Real Estate Company, 303 So.2d 401, 404 (Fla.3d DCA 1974); Posner v. Flink, 167 So.2d 259, 262 (Fla.3d DCA 1964).
The appeal from the order denying Vining’s motion pursuant to Fla.R. Civ.P. 1.540(b) is also without merit. The rule does not contemplate an extension of the summary judgment rule to rehash the matters which were before the court and previously decided. The motion as used here does not attempt to show fraud or *873 deception, nor does it show “newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing.”
Affirmed.