372 So.2d 493 (1979)
The KEYES COMPANY, Alfonso Chavez and California Union Insurance Company, a Foreign Corporation, Appellants,
v.
Joseph M. SHEA and Mary V. Shea, Appellees.
No. 77-1320.
District Court of Appeal of Florida, Fourth District.
June 6, 1979.
Rehearing Denied July 24, 1979.
Marc Cooper and Robyn Greene of Greene & Cooper, Miami, for appellants-The Keyes Co. and Alfonso Chavez.
*494 Arthur M. Simon and Kenneth L. Ryskamp of Goodwin, Ryskamp, Welcher & Carrier, Miami, for appellant-California Union Ins. Co.
Edna L. Caruso, West Palm Beach, for appellees.
DOWNEY, Chief Judge.
Appellees sued appellants, The Keyes Company and Alfonso Chavez, for misrepresentations made by Chavez to appellees while he was acting as appellees' agent in the sale of certain real and personal property in Broward County. From a jury verdict and judgment for $50,000 appellants have perfected this appeal.
Appellees were the owners of the Shubert Apartments which consisted of thirty-three apartments and four hotel rooms. Appellant Chavez, a real estate salesman employed by appellant, The Keyes Company, requested a listing to sell said apartments for the Sheas. Eventually Chavez produced a deposit receipt contract and in due course the sale was closed. At the closing the Sheas received approximately $29,000 cash and a second purchase money mortgage of $223,000. The Sheas also authorized the payment of a broker's commission to The Keyes Company of $33,000. When the first mortgage payment came due the purchaser defaulted and the Sheas foreclosed the mortgage in order to have the property returned to them. The property had deteriorated and much of the personal property and equipment was missing. Accordingly, the Sheas filed this suit against appellants, alleging that Chavez, acting within the scope of his employment with The Keyes Company, and as agent for the Sheas in the sale of their property, misrepresented material facts and breached his fiduciary duty causing the Sheas to be damaged. It is alleged, among other things, that Chavez: 1) persuaded the Sheas to pay a brokerage commission of 7 1/2% which is higher than customary; 2) persuaded them to sign a contract of sale with many objectionable provisions, such as, a minimal amount of cash down and a distant closing date; 3) persuaded them to sign the contract before seeing a lawyer; 4) persuaded them to sign a contract with a purchaser who was not financially solvent, and 5) persuaded them to sign a contract knowing that the purchaser intended to turn the property over to condominium ownership contrary to the Sheas' wishes. The appellants filed a general denial and raised several affirmative defenses among which was the defense of waiver. A jury trial resulted in a verdict and judgment for the appellees for $50,000.
Appellants, The Keyes Company and Chavez, have presented four points on appeal, and appellant, California Union Insurance Company, has presented one point. All of said points will be treated herein.
Keyes and Chavez contend in their first point that the trial court erred in denying their motion for directed verdict because the evidence conclusively established that appellees paid the brokerage commission fully cognizant of all of Chavez' misrepresentations and breaches of fiduciary duty.
Essentially this point raises the sufficiency of the evidence to create a jury question. The record reflects that a motion for directed verdict was made at the close of the plaintiff's case and denied; however, contrary to appellants' stated point, no such motion was made at the close of all of the evidence. Accordingly, appellants have failed to properly preserve this point for appellate review. Lee County Oil Company v. Marshall, 98 So.2d 510 (Fla. 1st DCA 1957), cert. den. 101 So.2d 819 (Fla. 1958); 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla. 1958).
One of appellants' primary defenses was that appellees had waived their claim against appellants by accepting the benefits of and performing the contract which they allege was induced by Chavez' misrepresentations and breach of duty. That theory of the case has some support in the record and thus appellants were entitled to have the jury instructed thereon. Luster v. Moore, 78 So.2d 87 (Fla. 1955); Sea Ledge Properties, Inc. v. Dodge, 283 So.2d 55 (Fla. 4th DCA 1973) cert. dismissed 285 So.2d 618 (Fla. 1973). Appellants' requested instruction *495 was denied by the trial court. If the jury found from the evidence that appellees paid the commission with full knowledge of the alleged wrongful acts of Chavez, it would be within their province to find that appellees had waived their claim regarding the commission and that they were not entitled to recover the commission. Asher v. Gene Snyder & Company, 311 So.2d 155 (Fla. 3rd DCA 1975); Olsen v. Brickles, 203 Va. 447, 124 S.E.2d 895 (Va. 1962); Bradley, Beall & Howard, Inc. v. Miller, 76 U.S.App. D.C. 27, 128 F.2d 320 (1942).
Thus, we think the trial court erred in refusing to instruct the jury on the doctrine of waiver. Appellants' requested instruction was a correct statement of the law and should have been given.
Appellants' third and fourth points charge the trial court with error in refusing appellants' requested instruction on the measure of damages to be applied and error in admitting certain testimony as to damages. Appellees claimed the following damages:

 Return of commission $33,000.00
 Return of money paid for foreclosure 17,600.00
 Purchase of furnishings 8,178.41
 Replacement of air conditioner 22,000.00
 Repairs to premises 12,890.00

Among their requested instructions appellants asked the court to instruct the jury as follows:
"The measure of such damages is the difference between the value of the property immediately before the incident complained of and its value when it was returned to them. If you find that it was more valuable when it was returned to them, they have not been damaged and should not recover."
When appellants pointed out to the court that nowhere in the charge was there any instruction on the proper measure of damages, the court responded that counsel could argue that to the jury. The only instruction which touched upon damages advised the jury that if they found for the Sheas they "should determine in dollars the total amount of losses which the greater weight of the evidence showed they sustained as a result of the incident complained of." Reviewing the entire instruction, we find that the court gave the jury no guidance on the proper measure of damage to use in determining their verdict. This is almost the precise situation presented in Sea Ledge Properties, Inc. v. Dodge, supra, where this court stated:
"In their fifth point appellants assign as error the failure of the court to adequately and correctly charge the jury on the proper measure of damages for the breach of contract alleged herein. One of the main thrusts of plaintiffs' complaint is defendant's alleged breach of contract for failure to procure a contractor to construct the improvement for $2,200,000. Though this issue was submitted to the jury for their consideration, and plaintiffs specifically requested an instruction defining the measure of damages the jury should use, the court completely failed to instruct the jury in this regard.
"It is of course axiomatic that each party is entitled to have the jury instructed upon his theory of the case." (Citations omitted.) 283 So.2d at 57.
"In our judgment the trial court committed reversible error in failing to adequately and correctly instruct the jury on the proper measure of damages under one of the theories of plaintiffs' case." 283 So.2d at 58.
Other than the return of the commission paid and the expenses of the foreclosure, the elements of damage claimed by appellees had to do with damages to the property or missing equipment. Appellees adduced proof of the cost of repair and the cost of replacing the equipment. The appellants, however, objected to much of that proof because certain witnesses testified to the use of new material or equipment, whereas the damaged or missing equipment was not new. Appellants contend the trial court erred in refusing to give the requested instruction which stated that the measure of damage was the difference in value of the property before and after the incident complained of; but if the property was more *496 valuable when it was returned to the Sheas they had not been damaged and could not recover. Since this case must be tried again and the parties do not agree upon the proper measure of damages to be used, we think it advisable to treat that question in some detail.
There are a number of Florida cases dealing with the measure of damage for injury to personal property: Hillside Van Lines, Inc. v. Matalon, 297 So.2d 848 (Fla. 3rd DCA 1974); Travelers Indemnity Co. v. Skyway Marine, Inc. 251 So.2d 327 (Fla. 3rd DCA 1971); Airtech Service, Inc. v. MacDonald Construction Co. 150 So.2d 465 (Fla. 3rd DCA 1963). However, a workable statement of the measure of damage to be used in this case of injury to real property is not so easily found in the Florida cases. A widely quoted statement of that rule is set forth in 25 C.J.S. Damages § 84 pg. 924:
"Where the injury to real property is merely temporary, or where the property can be restored to its original condition, the measure of damages may be, or should include, the cost of repairs or restoration, as where the injury is susceptible of remedy at a moderate or reasonable expense and the cost of restoration may be shown with reasonable certainty, or where the cost of restoration is less than the diminution in the value of the property. This is particularly true where the adoption of the difference in value as the measure of damages would be difficult and uncertain, or where the injury is not so much to the land itself as to improvements thereon. The recovery is limited to the cost of restoring the premises to their original condition, and does not extend to that of placing them in better condition than they were in originally.
"The cost of restoration, however, cannot be adopted as the measure of damages where the cost of restoring the property would exceed the value thereof in its original condition, or the depreciation in the value thereof, or the actual damage sustained by plaintiff, or where restoration is impracticable." At pp. 924-926.
The damages in this case are susceptible to admeasurement within the framework of the foregoing rules and the jury should be instructed in such a way as to apprise them of the proper guidelines.
Finally, appellant, California Union Insurance Company, contends that its motion for directed verdict (made solely at the close of plaintiffs' case) should have been granted because appellees never proved that it was liable on its policy for the wrongful acts alleged and proved.
The record is not entirely clear why the trial court denied said motion. There is some indication that the court intended to determine the coverage question post trial, but we are not aware of any such subsequent determination. All this record really shows is that California admits it has a policy insuring the other appellants, but there is some dispute as to whether it covers all of the elements of damage claimed by appellees.
In view of the foregoing, it appears to us that the interests of justice require that a new trial be had in this case so that a jury, upon proper instructions on the law of waiver and the measure of damages, can determine appellants' liability, if any. Prior to trying the main case again it is suggested the trial court try the coverage question so that the parties will be advised of the responsibility, if any, of the insurance company.
REVERSED AND REMANDED FOR NEW TRIAL, with directions.
CROSS and MOORE, JJ., concur.