414 So.2d 637 (1982)
JONES, MORRISON, STALNAKER, P.A., Appellant,
v.
CONTEMPORARY COMPUTER SERVICES, INC., Appellee.
No. 81-1140.
District Court of Appeal of Florida, Fifth District.
June 2, 1982.
Charlene D. Kelley of Baldwin & Dikeou, Fern Park, for appellant.
James B. Bogner of O'Neill, Bogner & Larsen, Orlando, for appellee.
COBB, Judge.
The issue in this case is whether the trial court committed reversible error by refusing to give a jury instruction requested by the appellant law firm, Jones, Morrison, Stalnaker, P.A. ("Jones"). We hold that it did, and reverse.
The record indicates that Jones purchased a software computer package from the appellee, Contemporary Computer Services, Inc. ("Contemporary"), for $4,000. Alleging the package did not perform as Contemporary had represented, Jones revoked its acceptance of the package and sued Contemporary, demanding a refund of the purchase price, as well as incidental and consequential damages. Contemporary answered Jones' amended complaint, and alleged several affirmative defenses. The case was *638 tried before a jury, which awarded Jones $500 damages on its claim.[1]
At trial, the court refused to give Jones's requested instruction 13, which stated:
Should you find the Plaintiff entitled to damages, you should award it:
1. A refund in full of the purchase price it paid for the computer program and computer language.
2. Those reasonable expenses, if any, incurred by Plaintiff as a result of the breach.
The court told Jones's counsel she could tell the jury "what damages you want in your closing arguments." Jones argues that the court's refusal to give this instruction constitutes reversible error.
Jones based its action for purchase price and incidental and consequential damages on section 672.711(1), Florida Statutes (1979), which provides:
Where ... the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (s. 672.612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid... . (Emphasis added.)
Jones's requested instruction 13 was therefore a correct statement of the applicable law.
In Keyes Co. v. Shea, 372 So.2d 493 (Fla. 4th DCA 1979), the trial court refused to specifically instruct on the proper measure of damages; instead, it instructed the jury to "determine in dollars the total amount of losses which the greater weight of the evidence showed [the plaintiff] sustained as a result of the incident complained of." 372 So.2d at 495. Finding that the instruction "gave the jury no guidance on the proper measure of damage to use in determining their verdict," the Fourth District held the trial court erred "in failing to adequately and correctly instruct the jury on the proper measure of damages under one of the theories of plaintiff's case." Id. In the present case, the general instruction on damages given by the court was similar to the one found deficient in Keyes:
Should you find in favor of Plaintiff, JONES, MORRISON, AND STALNAKER, P.A., you should award Plaintiff such damages as have, from the greater weight of the evidence, been proven to your satisfaction.
Jones's requested instruction 13 would have guided the jury as to the exact damages sought  if the jury concluded Jones had proved its cause of action and that Contemporary had failed with its affirmative defenses, Jones was entitled to recover at least the full purchase price.[2]
Finding Contemporary's arguments on appeal unpersuasive, we conclude the failure to give the requested instruction constitutes harmful error, and reverse and remand for a new trial.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] Contemporary counterclaimed for various services; the jury awarded it $950 damages. This award is not a part of the appeal.
[2] This assumes the return of undamaged equipment.