432 So.2d 84 (1983)
Bernard A. SANTANIELLO and Sunair Realty Corporation, Appellants,
v.
DEPARTMENT OF PROFESSIONAL REGULATION/BOARD OF REAL ESTATE, Appellee.
No. 82-1518.
District Court of Appeal of Florida, Second District.
April 15, 1983.
*85 Robert J. Norton of Norton & Marryott, Punta Gorda, for appellants.
Salvatore A. Carpino, Staff Atty., Dept. of Professional Regulation, Tallahassee, for appellee.
GRIMES, Acting Chief Judge.
Appellants attack an order of the Board of Real Estate.
Bernard Santaniello is an active broker for Sunair Realty Corporation. He wrote to Mr. and Mrs. Long on a Sunair letterhead suggesting that they might wish to sell their two lots in Port Charlotte. He enclosed a "Deposit Receipt and Contract for Sale and Purchase" on each of the lots which provided for a selling price of $1200 per lot. Each contract specified that a commission of $120 or 10% of the selling price, whichever was greater, would be paid to Sunair for "professional services." The contracts were already signed by a prospective purchaser named Anni Czaplinski. The Longs were not aware that Ms. Czaplinski was Santaniello's mother-in-law, and he did not disclose this fact to them. The Longs rejected the proposed purchase because they felt that the offering price was too low.
The hearing officer reasoned that the relationship between Santaniello and the proposed buyer was a material fact which the sellers were entitled to know and concluded that appellants had violated section 475.25(1)(b), Florida Statutes (1979). The board accepted the hearing officer's recommended order in its entirety and fined appellants $500 each.
The statute provides that the board may discipline anyone under its jurisdiction who has:
(b) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing by trick, scheme, or device, culpable negligence, or breach of trust in any business transaction... .
The statute further specifies that one may be punished for misconduct without a showing of actual damage.
A real estate broker must disclose to his principal all facts within his knowledge which may be material in connection with his employment. Chisman v. Moylan, 105 So.2d 186 (Fla.2d DCA 1958). In MacGregor v. Florida Real Estate Commission, 99 So.2d 709 (Fla. 1958), a broker was disciplined for failing to disclose that the purchaser of certain property was an employee of the broker. The court stated that the broker "was under the duty of informing his principal of any circumstances that might reasonably be expected to influence the complete loyalty of the agent to the interest of his principal, or that might reasonably be expected to influence his principal in the negotiation." 99 So.2d at 712.
Appellants do not quarrel with the foregoing principles. They simply contend that the existence of the mother-in-law relationship cannot be deemed a material fact. We disagree.
Even though they had never met, by submitting a contract in which a commission would be paid from the proceeds of the sale, Santaniello owed his allegiance to the Longs. Therefore, he was obligated to inform them of anything which might influence their decision to sell. Superficially, the failure to point out the mother-in-law relationship may appear to be of little consequence. Yet, the board is best qualified to decide whether it was a material fact which should have been disclosed. Agency determination is entitled to increased weight when it is infused by policy considerations for which the agency has special responsibility. McDonald v. Department of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977). The board was entitled to conclude that Santaniello was obligated to tell the Longs that Ms. Czaplinski was his mother-in-law.
AFFIRMED.
SCHEB and SCHOONOVER, JJ., concur.