443 So.2d 199 (1983)
Seymour GERBER, Rose Gerber, Harold Winter, and Halsey Publishing Company, Inc., Appellants,
v.
The KEYES COMPANY, Appellee.
The KEYES COMPANY, Appellant,
v.
Seymour Gerber, Rose Gerber, Harold Winter, and Halsey Publishing Company, Inc., Appellees.
Nos. 83-141, 83-330.
District Court of Appeal of Florida, Third District.
December 13, 1983.
Rehearing Denied January 27, 1984.
Taylor, Brion, Buker & Greene and James C. Pilkey, Miami, for Seymour Gerber, Rose Gerber, Harold Winter, and Halsey Pub. Co., Inc.
Sparber, Shevin, Rosen, Shapo & Heilbronner and Nancy Schleifer, Miami, for The Keyes Co.
*200 Before HUBBART, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
The Keyes Company (Keyes) had an exclusive listing to sell a building which the Halsey Publishing Company (Halsey) wanted to purchase. Halsey submitted an offer to the owner, Arroyo Investment Co., through Keyes. This offer was accepted, but the sale was not completed because of a foreclosure on the property. Arroyo bought back the building at the foreclosure sale and continued to list it exclusively with Keyes. Halsey submitted an offer to purchase through another real estate broker, Mr. Rose. This offer was rejected. At that time, Keyes' exclusive listing had expired. The building was purchased by the Keyes Investment Co. A Keyes sales agent then contacted Halsey and Halsey took an assignment of the contract to buy the building. Mr. Rose contacted Keyes and threatened suit if he were not paid part of the brokerage commission because of the work he had done for Halsey. Keyes paid Mr. Rose $15,000.
Halsey asserted below that Keyes breached a duty owed to it by virtue of Keyes Investment Co.'s purchase of the property while Halsey had an offer outstanding. The trial court entered summary judgment in favor of Keyes. Halsey claims that Keyes acted improperly by bidding competitively against Halsey and by purchasing the building without informing Halsey. When acting as an intermediary between a seller and a prospective buyer a broker is under a duty to deal fairly and honestly with both parties. United Homes, Inc. v. Moss, 154 So.2d 351 (Fla. 2d DCA 1963). This duty arises from the fact that the broker is acting for both parties. Zichlin v. Dill, 157 Fla. 96, 25 So.2d 4 (1946). The general rule is that a broker cannot act for himself without full disclosure to the principals. Vining v. Smith, 343 So.2d 871 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 518 (Fla. 1978). However, Halsey had abrogated its broker-client relationship with Keyes by submitting its last offer through another broker, Mr. Rose. See Melvin v. West, 107 So.2d 156 (Fla.2d DCA 1958), cert. denied, 111 So.2d 40 (Fla. 1959) (nonexclusive listing contract terminated by seller's execution of sales contract with buyer procured by another broker). Keyes' exclusive listing on the building had expired. There was no longer a broker-client relationship of any kind between Halsey and Keyes. Therefore, Keyes no longer had a duty toward Halsey. Cf. Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927) (when broker undertakes to act for a purchaser and purchases for himself instead a constructive trust will be imposed in favor of the principal). A principal who is not a client must allege actively fraudulent conduct of a nature which is not present in this record to state a cause of action against a broker. See, e.g., Zichlin v. Dill, Ellis v. Flink, 301 So.2d 493 (Fla. 2d DCA 1974), cert. discharged, 374 So.2d 4 (Fla. 1979). See also Gammage v. Turner, 206 So.2d 252 (Fla. 2d DCA 1967), cert. denied, 212 So.2d 870 (Fla. 1968). Halsey has failed to state a cause of action against Keyes for breach of duty as a broker and the summary judgment is affirmed.
Keyes filed a counterclaim below, asserting that Halsey tortiously interfered with a business relationship. The damage asserted by Keyes was the amount of money Keyes paid to Mr. Rose. The trial court entered a directed verdict in favor of Halsey.
The elements of the tort of "interference with a business relationship" are: (1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with that relationship by the defendant; and (3) damage to the plaintiff as a result of the breach of that business relationship. Ethyl Corp. v. Balter, 386 So.2d 1220, 1223 (Fla. 3d DCA 1980), pet. for rev. denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981). Keyes had a contract with the Arroyo Investment Co. to act as its broker in selling a building Arroyo owned. This contract *201 was never breached. Keyes received the full commission to which it was entitled under the contract. There is no cause of action for tortious interference with a business relationship in the absence of a breach. Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla. 4th DCA), cert. denied, 249 So.2d 36 (Fla. 1971). Therefore, Keyes has failed to state a cause of action against Halsey.
For the foregoing reasons, the judgments are both affirmed.