443 So.2d 104 (1983)
Dave BUSH, Appellant,
v.
PALERMO REALTY, INC., et al., Appellees.
No. 81-1856.
District Court of Appeal of Florida, Fourth District.
December 21, 1983.
Rehearing Denied February 7, 1984.
Michael P. Smodish, Boynton Beach, for appellant.
Ronald Sales of Sales & Weissman, P.A., West Palm Beach, for appellees.
GLICKSTEIN, Judge.
Appellant, Dave Bush, filed a three-count complaint in the trial court. Counts I and II, directed against Palermo Realty, Inc., and Joseph A. Palermo, a licensed real estate broker, alleged breach of these defendants' fiduciary duty these defendants owed to appellant and intentional and tortious interference with an advantageous business relationship in connection with negotiations for the purchase of a tract of land in Palm Beach County. Count III, directed at Joseph A. Palermo, individually, alleged slander of appellant which resulted in sale of the subject real property to Palermo and an associate instead of to appellant. The trial court granted defendants' motion for summary judgment on all three counts and *105 entered a final judgment in their favor. We reverse as to the first count but affirm as to the second and third.
The facts are as follows. Palermo was a licensed real estate broker doing business through Palermo Realty, Inc., of which he was president, a director and sole shareholder. Palermo received an open listing of the Ferguson tract in 1975. When that listing expired, Palermo obtained a written exclusive listing agreement, entitling him to a 10% commission upon sale of the parcel during the term of the exclusive listing. The listing price was $302,432. Palermo had personally viewed the parcel during the open listing period, but had made no purchase offer. After he obtained the exclusive listing Palermo personally showed the property to two or three prospective purchasers.
Appellant Dave Bush inquired at Palermo Realty about any listing of land for sale. After being shown the Ferguson tract by a Palermo salesman and making a study of the residential development potential of the parcel, Bush made a written purchase offer through a second Palermo salesman. The offer was rejected. Thereafter that salesman arranged a meeting between the seller, appellant Bush, appellee Palermo, the Palermo salesman previously involved and himself. Before the seller's arrival Palermo asked and received Bush's permission to copy Bush's feasibility study. Palermo made a copy of the plat, at least. Palermo and others present denied that any copy of the rest of the report was made. At the meeting Bush made an oral offer of $300,000 on certain terms, which the seller indicated was reasonable. At the close of the meeting, Palermo stated to those present there was another interested person who would submit an offer. When Bush pressed for an enforceable contract, the seller said he would consider only written offers. Eight days later Bush submitted his written offer through a Palermo salesman. While the seller was considering Bush's offer, the same Palermo salesman hand-delivered to the seller a written offer of "Pine Acres Associates," signed by Palermo, who was aware of Bush's written offer. The Palermo offer was for $270,000, with no broker's commission. Thereafter Bush was informed by the Palermo salesman that Bush's offer had been rejected and that Palermo had purchased the property. Just when Bush was first informed that Palermo was an interested party is unclear. Ultimately Palermo bought the property for $265,000 with no commission. Bush alleged that Palermo used Bush's feasibility report as the basis for his own decision to make an offer, and that Palermo made disparaging remarks about Bush's character and financial standing, to influence the seller.
A pivotal question is whether a licensed real estate broker owes a fiduciary duty to a prospective buyer, such that the broker may not purchase a property for himself while he is acting as intermediary between the prospective buyer and the seller. A score of years ago a sister court wrote:
In Florida, a real estate broker occupies a status under the law with recognized privileges and responsibilities. In many situations involving real estate brokers, the general rule that an agent is responsible only to his principal has no application. Those dealing with a licensed broker may naturally assume that he possesses the requisites of an honest, ethical man; and where a real estate broker is acting as agent for the seller, he nevertheless owes a duty to the buyer. Zichlin v. Dill, 1946, 157 Fla. 96, 25 So.2d 4. As was stated in Prescott v. Kreher, Fla. App. 1960, 123 So.2d 721, 727:
"There is a fiduciary relation between parties where confidence is reposed by one and a trust accepted by the other. * * * Such a relation has been said to exist and to suffice as a predicate for relief in all cases wherein influence has been acquired and abused, or wherein confidence has been reposed and betrayed. The origin of the confidence is immaterial. The principle applies both to technical fiduciary *106 relations and to informal relations wherein one man trusts in and relies upon another. * * *" (Emphasis added.)
United Homes, Inc. v. Moss, 154 So.2d 351, 354 (Fla. 2d DCA 1963). Nor are the broker's primary fiduciary duties to the seller undermined by the broker's obligation to the prospective buyer. Sawyer Realty Group, Inc. v. Jarvis Corp., 89 Ill.2d 379, 59 Ill.Dec. 905, 432 N.E.2d 849, 852 (1982) (citing, inter alia, United Homes, Inc. v. Moss, supra).
In a famous opinion, the fiduciary duty has been characterized this way:
Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate... . Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd. It will not consciously be lowered by any judgment of this court.
Meinhard v. Salmon, 249 N.Y. 458, 464, 164 N.E. 545, 546 (1928) (Cardozo, C.J.). When a real estate broker acts as an intermediary between a seller and a prospective buyer, he is under a duty to deal fairly and honestly with the prospective buyer. Funk v. Tifft, 515 F.2d 23, 25 (9th Cir.1975). Indeed, one who owes another such a duty can take no comfort from the maxim, vigilantibus non dormientibus leges subveniunt,[1] when the slumber of the second person was induced by his reliance on the faithfulness of the first. So serious is a breach of this duty that if the broker purchases the land from the seller for himself without advising the prospective buyer of his actions, he becomes a constructive trustee for the benefit of the prospective buyer. Id.; Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927). Likewise a broker's duty precludes him from using for his personal aggrandizement information he acquires from a prospective purchaser.
Palermo, or his sales organization, was not merely a middleman or finder whose duties were limited to introducing the parties and leaving them to negotiate their own transactions. See Hale v. Wolfsen, 276 Cal. App.2d 285, 290, 81 Cal. Rptr. 23, 27 (1969). Rather Palermo and his salesmen took an active role in the negotiations between seller and prospective purchaser. There remain genuine issues of material fact respecting whether Palermo and Palermo Realty Co., Inc., violated their duty toward Bush by failing to disclose Palermo's interest in buying the subject parcel, and whether Palermo individually violated his duty toward Bush by determining to acquire the Ferguson tract on the strength of Bush's feasibility study. The fact that the evidence preponderantly shows Palermo did not copy the entire study does not erase the possibility that Palermo saw enough of the significant content thereof to conclude that purchase of the parcel would be a good investment, or that access to the plat alone was enough to bring him to that conclusion. Appellees were not entitled to judgment as a matter of law on Count I.
The trial court properly granted summary judgment on the count of tortious interference with an advantageous business relationship and the slander count. Accordingly this court affirms summary judgment as to Counts II and III, but reverses summary judgment as to Count I, and remands for further action consonant with this opinion.
ANSTEAD, C.J.,[*] and HURLEY, J., concur.
NOTES
[1] The laws assist those who are awake, not those who are asleep.
[*] Did not participate in oral argument and assigned to case after recusal by Associate Judge William C. Owen, Jr.