PER CURIAM.
This is an appeal by the seller of real property [First Federal Savings & Loan Association of the Florida Keys] from an adverse final judgment in a declaratory decree action. The seller brought the instant action below seeking a declaration that (a) it was not obligated to pay a real *934 estate broker’s commission to the defendant Can-Am Investment Realty, Inc. [hereinafter Can-Am Realty, Inc.] on the subject real estate sale, or (b) if so obligated, that it could offset the amount of the commissions due against a debt owed to it by Can-Am Investments, Inc. and guaranteed by the defendant Louis S. St. Laurent. We affirm based on the following briefly stated legal analysis.
First, the trial court found below, based on substantial, competent evidence, that the defendant real estate broker, Can-Am Realty, Inc., informed the seller that the $100,000 real estate commission herein was being invested by the said broker in the purchase of the subject property. Moreover, additional evidence was introduced which showed that persons connected with the broker were involved in the purchase of the subject property — and that the seller was generally so informed. This being so, we conclude that the real estate broker has not breached, as urged, any fiduciary duty to the seller so as to forfeit its real estate commission. See Asher v. Gene Snyder & Co., 311 So.2d 155 (Fla. 3d DCA 1975); Chisman v. Moylan, 105 So.2d 186 (Fla. 2d DCA 1958).
Second, no evidence was adduced below to pierce the corporate veil of Can-Am Realty, Inc. so as to offset the commission due herein against an unrelated debt owed to the seller by Can-Am Investments, Inc. and guaranteed by Louis S. St. Laurent. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984). Moreover, the remaining point on appeal presents no reversible error and requires no discussion.
Affirmed.