PER CURIAM.
Appellants Donald Roy Nivens and Marie Nivens, defendants below, appeal an adverse final judgment after jury verdict. We affirm.
Appellees Mohammad Zarbafi, Ghasem Jafarmadar and Seafood Bounty, Inc., entered into a lease for restaurant premises in Miami, Florida. Marie Nivens, a realtor, acted as agent for George Mourra, an absentee landlord. Marie Nivens had represented the landlord for a number of years and held a power of attorney under which the lease was executed. Appellees contemporaneously executed an agreement with Donald Nivens, Marie Nivens’ husband, to purchase a restaurant business, including the leasehold interest, the restaurant’s inventory, and transfer of the liquor license. Marie Nivens was not a signatory of the latter contract.
After closing the transaction, Donald Ni-vens failed to accomplish the transfer of the liquor license. It turned out that Donald Nivens had acquired the restaurant business from a previous tenant, David Ef-tekhar. When Donald Nivens failed to pay amounts he owed Eftekhar, Eftekhar refused to transfer the liquor license. In the absence of the liquor license, appellees’ business foundered.
Acting on behalf of the landlord, Marie Nivens brought an eviction action against appellees. Insofar as pertinent here, appel-lees brought a third-party claim against Donald and Marie Nivens alleging fraud for failure to disclose the encumbrance on the liquor license. The jury rendered a verdict in favor of appellees against both Donald and Marie Nivens.
We first consider Marie Nivens’ contention that there was insufficient evidence to support the verdict against her. Preliminarily, that point is not properly preserved for purposes of appeal. See Prime Motor Inns, Inc. v. Wattman, 480 So.2d 88 (Fla.1985). Under the facts of the present case, we are unable to say the exception recognized in Pickard v. Maritime Holdings Corp., 161 So.2d 239, 242 (Fla. 3d DCA 1964), is applicable here. Alternatively, even if the point had been properly preserved, we would nonetheless affirm. Although Marie Nivens disputed much of the testimony at trial, there was evidence that Marie Nivens was acting as agent in the rental of the premises, that the appellees had specifically discussed the requirement of a liquor license for purposes of operating a restaurant in the premises, that Marie Nivens had managed the property for the absentee landlord for a considerable period of time, that Marie Nivens had leased the property to David Eftekhar for operation of a restaurant, from whom Donald Nivens acquired the business, and that Donald Nivens made reference to problems *863 with the liquor license during the closing attended by Marie Nivens. From Marie Nivens’ intimate involvement with this property over the years, as well as her own relationship with Donald Nivens, there was evidence on which the jury could conclude that Marie Nivens knew there was an impediment to the transfer of the liquor license. She was therefore obliged to make disclosure. Gerber v. Keyes Co., 443 So.2d 199, 200 (Fla. 3d DCA 1983); Santaniello v. Department of Professional Regulation, 432 So.2d 84, 85 (Fla. 3d DCA 1983).
Both appellants next contend that the trial court erred by failing to grant a mistrial after a witness testified that the new owner of the restaurant was having the same problems with Donald Nivens that the appellees had. The comment was volunteered by the witness before the Nivens’ trial counsel had an opportunity to object. The trial court sustained the Ni-vens’ objection and gave a curative instruction. No abuse of discretion has been shown in the trial court’s denial of the motion for mistrial. See Kelley v. Mutnich, 481 So.2d 999, 1000-01 (Fla. 4th DCA 1986).
Affirmed.