WALLACE, Judge.
David S. Band appeals the trial court’s order granting in part and denying in part a motion for judgment notwithstanding the verdict and motion for new trial filed by Harold L. Libby and Libby St. John, L.L.C. (collectively, the Libby parties). Mr. Band also challenges the trial court’s denial of his motion for directed verdict on several grounds. The Libby parties cross-appeal various pretrial orders and additional rulings made at the trial. On Mr. Band’s appeal, we affirm in part and we reverse in part. On the cross-appeal, we affirm.
I. THE FACTS AND PROCEDURAL BACKGROUND
The parties’ dispute arises out of the development and construction of a luxury condominium on St. John in the U.S. Virgin Islands (the Project). Mr. Band acted as the managing general partner of Bay Isles Associates, LLLP, the entity created to develop the Project. Mr. Band is also an attorney and a member of The Florida Bar. Mr. Libby is a lawyer and a certified public accountant. He has investments in shopping centers throughout the United States. Mr. Band and his former law firm, Abel Band, Chartered, represented Mr. Libby on numerous unrelated matters for approximately eight years before the beginning of the events that gave rise to the parties’ dispute.
In 2001, Mr. Band contacted Mr. Libby about the Project and invited him to become an investor. Mr. Libby agreed; he made an initial investment of approximately $140,000 in exchange for a ten percent interest in the Project. Mr. Libby created Libby St. John, L.L.C., as the vehicle for his participation in the Project. On two occasions, Mr. Libby received a conflict waiver/disclosure letter relative to the Project, along with a copy of the partnership agreement, from Abel Band. On each occasion, Mr. Libby signed and returned a copy of the conflict waiver/disclosure letter.
The course of the development and construction of the Project was marked by difficulties, delays, and demands for the infusion of additional money by the Libby parties and the other investors. Several years after the inception of the project, Mr. Libby declined to pay his contribution to a capital call. As a result, and in accordance with the applicable partnership agreement, the Libby parties forfeited their initial investment and all subsequent contributions, an amount exceeding one million dollars.
In August 2008, the Libby parties filed an action against Mr. Band and Abel Band seeking the recovery of their original investment and all subsequent contributions. *115 The Libby parties’ second amended complaint alleged three claims: (1) legal malpractice, (2) constructive fraud, and (3) breach of fiduciary duty/undue influence by attorney in self-dealing with a client. In his answer, Mr. Band alleged numerous affirmative defenses, including the affirmative defense of waiver. Before trial, the trial court granted partial summary judgments on the legal malpractice claim in favor of Mr. Band and Abel Band.- Later, Abel Band reached a settlement with the Libby parties on the remaining claims, and the law firm was dropped as a party from the litigation.
At trial, the jury found in favor of Mr. Band on the constructive fraud claim and in favor of the Libby parties on their claim against Mr. Band for the breach of his fiduciary duty. Nonetheless, the jury also found that the Libby parties had waived their claim for breach of fiduciary duty. As a result, the Libby parties did not recover any damages from Mr. Band, the only remaining defendant.
After the trial, the Libby parties filed a motion for judgment notwithstanding the verdict and motion for new trial. The trial court agreed with one of the Libby parties’ arguments and ruled “that as a matter of law, there can be no waiver of a breach of fiduciary duty.” Based on this legal conclusion, the trial court reasoned that it should not have instructed the jury on Mr. Band’s affirmative defense of waiver with respect to the claim for breach of fiduciary duty. Because the trial court concluded that Mr. Band was not entitled to a jury instruction on his affirmative defense of waiver, it did not rule on the Libby parties’ alternative request for a new trial on the ground that the jury’s finding of waiver was against the manifest weight of the evidence. In accordance with its ruling that the jury should not have been instructed on the waiver defense, the trial court awarded the Libby parties a new trial limited to the issue of damages on the breach of fiduciary duty claim. This appeal and the cross-appeal followed.
II. FRAMING THE ISSUE
Mr. Band raises multiple issues on his appeal. Similarly, the Libby parties raise multiple issues on their cross-appeal. We need discuss only Mr. Band’s argument that the trial court erred in granting the Libby parties a new trial on the issue of damages on the breach of fiduciary duty count. The basis for the trial court’s decision to grant this relief was its ruling that it had committed legal error in allowing the jury to consider Mr. Band’s affirmative defense of waiver with regard to the Libby parties’ claim for breach of fiduciary duty. Thus we are called upon to decide whether a claim based on a breach of fiduciary duty may be waived.
III. DISCUSSION
We hold that a party may waive a claim based on the breach of a fiduciary duty. “Parties, by their own knowledge and conduct, can waive or be estopped to raise a wide array of constitutional, statutory, and common law rights.... ” Ruggio v. Vining, 755 So.2d 792, 795 (Fla. 2d DCA 2000). Indeed, “[a] party may waive any rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished.” Torres v. K-Site 500 Assocs., 632 So.2d 110, 112 (Fla. 3d DCA 1994) (emphasis added). It follows that a claim based on a breach of fiduciary duty, like any other claim, may be waived.
The Fourth District has expressly held that a party has the right to interpose the affirmative defense of waiver to a claim based on a breach of fiduciary duty. In Keyes Co. v. Shea, 372 So.2d 493 (Fla. 4th DCA 1979), the appellees, the owners of an *116 apartment complex, sued the appellants — a real estate broker and its salesman, Alfonso Chavez — for Chavez’ alleged misrepresentation of material facts and the breach of his fiduciary duty. Id. at 494. The appellants raised waiver as an affirmative defense. Id. However, the trial court denied the appellants’ request for a jury instruction on their defense of waiver. Id. at 494-95. The jury returned a verdict in favor of the appellees, and the real estate broker and its salesman appealed. Id. at 494.
On appeal, the Fourth District reversed the judgment in favor of the appellees and remanded for a new trial. Id. at 496. The Fourth District explained its holding on the issue of whether the appellants were entitled to a jury instruction on their waiver defense as follows:
One of appellants’ primary defenses was that appellees had waived their claim against appellants by accepting the benefits of and performing the contract which they allege was induced by Chavez’ misrepresentations and breach of duty. That theory of the case has some support in the record and thus appellants were entitled to have the jury instructed thereon. Appellants’ requested instruction was denied by the trial court. If the jury found from the evidence that appellees paid the commission with full knowledge of the alleged wrongful acts of Chavez, it would be within their province to find that appel-lees had waived their claim regarding the commission and that they were not entitled to recover the commission.
Id. at 494-95 (citations omitted). Here, as in the Keyes Co. case, Mr. Band presented some evidence in support of his defense of waiver and he was entitled to have the jury instructed on his affirmative defense. Thus, in this case, the jury was properly instructed on the defense of waiver. The trial court erred in reversing its earlier ruling allowing the instruction on waiver and in ordering a new trial limited to damages on the breach of fiduciary duty claim.
Both Mr. Band and the Libby parties have raised multiple other arguments, and we have carefully considered all of them except the issue on the Libby parties’ motion for new trial on which the trial court did not rule. With the exception noted, the parties’ other arguments are either without merit or are rendered moot by our disposition of Mr. Band’s point on the waiver issue.
IV. CONCLUSION
On the direct appeal, we reverse the order granting the Libby parties a new trial on the issue of damages on their claim for breach of fiduciary duty. On remand, the trial court must conduct further proceedings to dispose of the Libby parties’ motion for new trial on the ground that the jury’s finding of waiver was against the manifest weight of the evidence. If the trial court denies the motion for new trial, then it must enter judgment in accordance with the jury’s verdict. In all other respects, we affirm on the direct appeal and on the cross-appeal.
Affirmed in part, reversed in part, and remanded with directions.
DAVIS and MORRIS, JJ., Concur.