NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| GEORGE A. ANDRASI and EDITH S. ANDRASI, | ) ) ) |
| Appellants, | ) ) |
| v. | ) Case No. 2D13-4767 |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | ) ) ) ) |
| Appellee. | ) ) ) |

Opinion filed August 11, 2017.

Appeal from the Circuit Court for Sarasota
County; Rick DeFuria, Judge, and Harry
Rapkin, Senior Judge.

H. Daniel McKillop of McKillop Law Firm,
Sarasota, for Appellants.

William L. Grimsley of McGlinchey Stafford,
Jacksonville, for Appellee.


VILLANTI, Judge.

George and Edith Andrasi seek review of the final judgment of foreclosure

entered in favor of JPMorgan Chase Bank, National Association (the Bank), after a

bench trial. The Andrasis raise two issues on appeal, one relating to standing and one

relating to the amounts included in the final judgment. We reject without comment the

Andrasis' standing argument and therefore affirm the judgment to the extent that it awards foreclosure.  However, because the final judgment includes awards of damages that were specifically waived by the Bank during trial, we reverse the amount of indebtedness included in the final judgment and remand with instructions.

The Bank filed its foreclosure complaint against the Andrasis in September 2008.  After a lengthy pretrial process, the case was tried to the court on August 26, 2013.  During trial, the court admitted into evidence a copy of the promissory note[1] signed by Edith Andrasi.[2]  This note had a face value of $500,000; however, it was an adjustable rate note with a negative amortization provision.  Hence, under certain circumstances, the principal amount owed under the note could increase during the term of the note.

In addition to the note, the trial court also admitted into evidence a transaction history of the Andrasis' loan.  This document showed that the principal balance of the note was $535,347.38 at the time of default.  The Bank argued that the transaction history also substantiated various other amounts for which it sought judgment, including accrued interest, late fees, property tax expenditures, insurance expenditures, and the like.  However, when the Andrasis challenged the factual basis for these amounts, the Bank told the court that it was introducing the transaction history to prove only the existence of the default and the amount of principal owed.  At that point, the following ensued:

---

[1]The original note had been previously filed in the court file.

[2]While only Edith Andrasi signed the promissory note, both Edith and George Andrasi signed the mortgage.

> MR. McKILLOP [Counsel for the Andrasis]: Just to clarify, are you only looking for principal or are you looking for everything?
>
> MR. MILANI [Counsel for the Bank]: <u>We're only looking for the principal balance.</u>
>
> MR. McKILLOP: So I won't ask on anything other than principal.

(Emphasis added.) Nevertheless, a short time later, the Andrasis asked the Bank's witness whether he could explain some of the figures on the transaction history. The Bank objected again, stating specifically "we are only establishing the principal balance. <u>None of the other figures are going to be included in our final judgment</u>." (Emphasis added.) With this assurance, the Andrasis then ceased pursuing this line of questioning.

After both parties rested their cases, the court ruled in favor of the Bank, and it asked counsel for the Bank to hand it the proposed final judgment that the Bank brought to the trial. Before handing the document to the court, counsel for the Bank stated, "I'm just going to strike out all of the added figures," referring to the amounts other than the principal balance. However, the court apparently took the proposed final judgment from counsel before he could finish these edits. Hence, when the Andrasis asked for the amount of the judgment, the court replied, "$535 – oh, that's the principal. $704,334." The court then signed the proposed final judgment without striking the amounts other than the principal balance. The Andrasis brought this timely appeal.

In their brief, the Andrasis argue that the evidence presented at trial was insufficient to support the amount of indebtedness included in the final judgment for two reasons: first because the evidence did not support the principal balance included in

- 3 -

the judgment, and second because the Bank waived its right to seek an award of any amount other than the principal balance. We agree with only the second contention.

As to the amount of principal, the transaction history admitted into evidence showed a principal balance of $535,347.38 as of the date of default. Once that transaction history was admitted into evidence, the trial court was entitled to rely on it in determining whether the Bank had sufficiently proved the amounts due to it. See, e.g., WAMCO XXVIII, Ltd. v. Integrated Elec. Env'ts, Inc., 903 So. 2d 230, 233 (Fla. 2d DCA 2005) (holding that properly admitted business records showing the amount of debt provided competent, substantial evidence of the amount of damages); Cayea v. CitiMortgage, Inc., 138 So. 3d 1214, 1218 (Fla. 4th DCA 2014) (affirming final judgment of foreclosure based on bank's payment records that were properly admitted). While the Andrasis questioned the Bank's witness at trial about how the principal balance was determined, they offered no evidence to show that the principal balance identified in the transaction history was incorrect. Hence, while the trial court certainly could have given no weight to the principal amount listed in the transaction history based on the Andrasis' questioning, its decision to rely on the properly admitted evidence was within its discretion, and we are not at liberty to reweigh that evidence on appeal. See, e.g., GNB, Inc. v. United Danco Batteries, Inc., 627 So. 2d 492, 493 (Fla. 2d DCA 1993) ("As an appellate court, it is not our function to reweigh the evidence but, rather, to view the record to determine if it contains competent and substantial evidence to support the conclusions of the trier of fact."). Because the transaction history provided evidence to support the principal balance of $535,347.38, this amount was properly included in the final judgment of foreclosure and must be affirmed.

As to the remaining amounts included in the final judgment, however, they were not properly awarded because the Bank voluntarily waived its right to seek them. During trial, counsel for the Bank told the court and the Andrasis at least three times that the Bank was not seeking a judgment for any amount other than the unpaid principal balance. The Andrasis relied on the Bank's assertions by ceasing their questioning of the Bank's witness concerning the other amounts allegedly supported by the transaction history. Having specifically waived its right to seek a judgment for amounts other than the unpaid principal balance, the Bank was not then entitled to entry of a final judgment that included those additional amounts for interest, taxes, insurance, late fees, and the like. See Band v. Libby, 113 So. 3d 113, 115 (Fla. 2d DCA 2013) ("Parties, by their own knowledge and conduct, can waive or be estopped to raise a wide array of constitutional, statutory, and common law rights . . . .") (quoting Ruggio v. Vining, 755 So. 2d 792, 795 (Fla. 2d DCA 2000)); see also Good Samaritan Hosp. Ass'n v. Saylor, 495 So. 2d 782, 782-83 (Fla. 4th DCA 1986) (holding that hospital would be bound by its stipulation to waive certain damages and objections that it otherwise could have raised). Under these circumstances, the trial court had no authority to override the Bank's concession.

Accordingly, while we affirm the entry of a judgment of foreclosure, we reverse the final judgment to the extent that it includes an award of amounts other than the documented unpaid principal balance. On remand, the trial court shall enter an amended final judgment of foreclosure in the amount of $535,347.38.

Affirmed in part, reversed in part, and remanded with instructions.

SILBERMAN, J., Concurs.
LUCAS, J., Concurs in result only.